## BALKIN v. BUSCALL.

(Supreme Court, Appellate Term. May 4, 1911.)

TRIAL (§ 329*)—VERDICT—RESPONSIVENESS TO ISSUES.

 A verdict for plaintiff in an action on a contract for painting, where plaintiff admits that there had not been a full performance of a part of the work, and where there was no testimony as to the cost of that part, may be set aside as not responsive to the issues.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Balkin against John H. Buscall. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Brewster & Farries, for appellant.

Joseph Rosenberg, for respondent.

GERARD, J. Action upon a written contract for painting. Defendant claims the judgment is against the weight of evidence. Plaintiff is his only witness. Part of the work was: "Fence and railings

to receive two coats of paint." Plaintiff testified to full performance generally. Defendant and three witnesses testified there was only one coat on rear fence, and no paint at all on side fences. Plaintiff, in answer to a question of the court, said:

"The painting was practically all done. If this gentleman wants something fixed up, and will notify me that he wants it, I am ready to send a man to-morrow and paint it, if anything is to be done."

In view of this statement, and in view of the fact that there is no testimony as to the value of painting the fences, the judgment must be reversed; although in other respects the court may well have found for the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.